UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER J.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. C19-6091 BHS<br><br>ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS |

## I.   BASIC DATA

Type of Benefits Sought:

   (X) Disability Insurance

   (  ) Supplemental Security Income

Plaintiff's:

   Sex:  Male

   Age:  38 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff:  Hodgkin's Lymphoma, stage II; testicular cancer, stage I; traumatic brain injury; migraine headaches; orthostatic hypotension; chronic prostatitis; hypogonadism; hypothyroidism; shattered leg and torn ligaments and tendons; obsessive compulsive disorder; posttraumatic stress disorder; anxiety; and depression.  *See* Admin. Record ("AR") (Dkt. # 7) at 381–82.

Disability Allegedly Began:  January 1, 2016

Principal Previous Work Experience:  Real estate appraiser.  AR at 122–23, 493.

ORDER - 1

Education Level Achieved by Plaintiff: High school diploma.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ") Gerald Hill:

   Date of Hearing: September 6, 2018

   Date of Decision: December 24, 2018

   Appears in Record at: AR at 106–24

   Summary of Decision:

      The claimant has not engaged in substantial gainful activity since January 1, 2016, the alleged onset date. *See* 20 C.F.R. §§ 404.1571–76.

      The claimant has the following severe impairments: Status post right knee tibial plateau open reduction internal fixation; somatic symptom disorder; anxiety disorder; obsessive compulsive disorder; and posttraumatic stress disorder. *See* 20 C.F.R. § 404.1520(c).

      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

      The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with exceptions. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally kneel, crouch, and crawl. He can frequently balance and stoop. He must avoid concentrated exposure to extreme cold and hazards. He can understand, remember, and carry out simple instructions and perform simple tasks. He can tolerate occasional superficial interaction with the public. He can tolerate frequent interaction with coworkers and supervisors. He can tolerate normal routine workplace changes.

      The claimant is unable to perform any past relevant work. *See* 20 C.F.R. § 404.1565.

      The claimant was a younger individual (age 18–49) on the alleged disability onset date. *See* 20 C.F.R. § 404.1563.

      The claimant has at least a high school education and is able to communicate in English.  *See* 20 C.F.R. § 404.1564.

      Transferability of job skills is not an issue because using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled, whether or not the claimant has transferable job skills.  *See* Social Security Ruling 82–41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

      Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  *See* 20 C.F.R. §§ 404.1569, 404.1569(a).

Before Appeals Council:

    Date of Decision:  October 29, 2019

    Appears in Record at:  AR at 1–4

    Summary of Decision:  Denied review.

### III.    PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for

determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI.     ISSUES ON APPEAL

A. Whether the ALJ erred in rejecting the opinions of Joseph Byus, D.C., and Nickolas Jones, Ph.D.

B. Whether the ALJ erred in failing to include in the RFC assessment limitations due to sarcoidosis, orthostatic hypotension, bilateral carpal tunnel syndrome, neuropathy in both hands, and migraine headaches.

C. Whether the ALJ erred in rejecting the testimony of lay witnesses Miranda J.[1] and Jennifer Trefonas.

D. Whether the ALJ erred in rejecting Plaintiff's symptom testimony.

## VII.     DISCUSSION

The Commissioner concedes the ALJ erred, but the parties dispute the proper remedy and scope of remand. *See* Def. Resp. Br. (Dkt. # 12); Pl. Reply Br. (Dkt. # 13). The primary issue is whether this matter should be remanded for further administrative proceedings or an immediate award of benefits. *See id.*

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second,

---

[1] Mrs. J. is Plaintiff's spouse, and thus her last name is redacted.

the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Plaintiff has satisfied the first step of the credit-as-true rule, as the Commissioner concedes the ALJ erred. *See* Def. Resp. Br. at 1. But Plaintiff has not met the second and third steps despite the Commissioner's concessions. Even if the evidence the Commissioner unreasonably rejected is credited as true, it does not confirm disability. The testimony and opinions the ALJ erroneously rejected must be translated into functional limitations to determine if Plaintiff can work, as they do not line up so directly with the evidence as to establish disability. For example, Dr. Byus opined that Plaintiff had neuropathy in his hands, and Plaintiff testified that his hands go numb. *See* AR at 353, 1072. The vocational expert testified that if Plaintiff was limited to "occasional handling and fingering," he would be precluded from work. *See* AR at 375–76. Dr. Byus's opinion and Plaintiff's testimony indicate Plaintiff has functional limitations, but do not conclusively establish he is limited to occasional handling and fingering. The

ALJ—not the Court—must translate these statements into functional limitations and determine whether there are jobs that exist in significant numbers in the national economy that Plaintiff could still perform.  *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

Plaintiff has failed to identify any limitations conclusively established by the evidence that would preclude work, and thus the Court is unable to remand for an immediate award of benefits.  On remand, the ALJ shall reevaluate Dr. Byus's opinions, Dr. Jones's opinions, Ms. Trefonas's testimony, Mrs. J.'s testimony, and Plaintiff's testimony.  The ALJ shall reassess Plaintiff's severe impairments at step two, Plaintiff's RFC and the step five determination.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this decision.

## VIII.   ORDER

Therefore, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 29th day of July, 2020.

BENJAMIN H. SETTLE
United States District Judge